# NELSON *v.* FAUCETTE.

PATENTS; INTERFERENCE; DILIGENCE; REDUCTION TO PRACTICE.

1. The question of diligence is one depending upon the facts of each case. What is reasonable time in one case may, under the circumstances, be unreasonable in another. Much latitude will be granted an inventor who has been delayed by reason of circumstances over which he has no control, but no leniency should be extended him where the delay is caused by his negligence or for a manifest ulterior purpose.

2. Where, in an interference proceeding involving a cutter head for wood-planing machines, it appeared that the party who first conceived the invention delayed reducing it to practice by filing an application for fifteen months after his rival came into the field, during which time the latter, within sixty days, constructed a machine and successfully operated it, and that the sole object of the former party in delaying filing of his application was to enable him to secure a patent upon an earlier application for a similar device of which the invention of the issue was an improvement, there is lack of diligence on his part, and the other party is entitled to an award of priority.

3. In an interference involving a cutter head for wood-planing machines, it was *held* that not only was the completion of drawings of the device and their disclosure to others not a reduction to practice, but that, in view of the hard usage to which the device would be subjected in actual practice, even the construction of the device, in the absence of a test as to its ability to perform the functions claimed for it, would not constitute a reduction to practice.

No. 559. Patent Appeals. Submitted March 10, 1909. Decided April 6, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case. *Affirmed.*

The facts are stated in the opinion.

*Mr. Luther V. Moulton* and *Mr. H. P. Doolittle* for the appellant.

*Mr. T. J. Geisler, Mr. John Imirie,* and *Mr. J. Nota McGill* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding awarding judgment of priority of invention to the appellee, Karl S. Faucette. The invention in issue is a cutter head for wood-planing machines, holding several removable blades, and designed to rotate at a rapid rate. The issue is defined in the single count, as follows:

"The combination of a cylinder having a longitudinal channel, a clamping-bar adjustable in the channel, interlocking means between the bar and the bottom of the channel, a cutter between the bar and one wall of the channel, and screws in the bar, with their heads engaging the other wall of the channel."

It is conceded in the brief of counsel for appellant, Arthur W. Nelson, that the dates established by the Examiner of Interferences are correct. It appears from an examination of the opinion of the Examiner that the appellee, Faucette, conceived the invention in issue June 30, 1905; and that he reduced it to practice July 31, 1905, by the placing of the cutter head in successful operation. It further appears that, on July 19, 1904, appellant placed with his attorney an application for patent on another form of cutter head, the one in issue being an improvement thereon, upon which patent No. 815,549 was issued on March 20, 1906. It was also found by the Examiner that the appellant conceived the invention in issue on October 13, 1904, but that he failed to reduce his invention to practice prior to the filing of his application. It therefore appears that, while appellant was the first to conceive the invention in issue, which fact is admitted by appellee, he was the last to reduce the invention to practice. The application of appellant, which eventu-

.ated into the patent here in interference, was filed October 26, 1905, and the application of appellee was filed December 14, 1905.

The sole question to be determined is whether appellant was diligent in reducing the invention to practice. The question of diligence is one depending upon the facts in each case. What is reasonable time in one case may, under the circumstances, be unreasonable in another. The courts will grant great latitude when the inventor has been delayed by reason of circumstances over which he has no control, but where the delay is caused by the negligence of the inventor, or for a manifest ulterior purpose, no leniency whatever should be extended. The facts in this case, we think, clearly bring it within the latter class. It appears that, during the period from June 30, 1905, when appellee came into the field, up to appellant's filing date, October 26, 1905, appellant was doing nothing toward reducing his invention to practice. During this period, appellee was rushing his invention to completion. It was only sixty days from the time of his disclosure until the machine had been constructed and successfully put in operation. While appellant cannot be charged with lack of diligence until appellee came into the field, it is proper to note that appellee did in sixty days what it took appellant more than fifteen months to accomplish. Even this delay is not sufficient to establish lack of diligence if supported by a reasonable excuse, but we think the explanation offered by appellant does not meet this requirement.

Appellant's own evidence establishes that his sole object in delaying the reduction of his invention to practice was to enable him to secure a patent upon his earlier device. Regardless of the need of the public for the improved machine, he was holding it back to enable him to dispose of the former invention for which he had already made application for patent. As said by the Commissioner in his opinion: "Voluntary delays in proceeding with an invention and placing it in condition where the public can secure the benefit of the inventor's labors are taken at the risk that a more diligent inventor may come forward in the meantime and offer the consideration for which a patent is

granted." An examination of the record fails to disclose that the invention in issue was actually reduced to practice by appellant prior to the filing of his application, while appellee reduced the invention to practice some time prior to appellant's filing date.

It appears from the evidence that appellant began negotiations with the American Wood Working Machinery Company, for which he was a traveling salesman, for the sale of his earlier device on July 19, 1904, about the time the application covering that device was being prepared. No sale, however, was effected until June 11, 1906. Although the invention in issue is an improvement on the earlier device, and was conceived by appellant shortly after these negotiations were begun, the attention of the company was not called to the later device, and it was disclosed but to a few friends confidentially, until after the filing of the second application. In explanation of his delay in filing an application, and his failure to reduce the machine in issue to practice, he said: "I did not see my way clear to make it, and I was expecting to sell it to our company; they have bought the first patent, which was quite similar, and I felt that they would likely interfere should I attempt to do anything else with it." He also states that he was waiting to see what claims would be allowed on the first patent. Circumstances of this character are not sufficient to excuse the delay of an inventor in protecting his invention, especially where another, coming into the field during the period of the delay, and exercising the greatest diligence, pushes his invention to successful operation.

We are not impressed with the other contention of appellant, that the invention in issue is so simple that the completion of the drawings of it by appellant, and the disclosure of the same to others in 1904, were sufficient to entitle him to an award of priority. It was found by the three tribunals of the Patent Office that, in view of the hard usage to which the device in issue would be subjected in actual practice, even the construction of the machine, in the absence of a test as to its ability to perform the functions claimed for it, would not constitute a reduction to practice. With this conclusion we agree.

The decision of the Commissioner is affirmed, and the clerk is directed to certify these proceedings as by law required.

*Affirmed.*